BEFORE THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

---

EASTERN DISTRICT OF NEW YORK
Donna Hodge, et al . v.
Andrew Cuomo, et al.
Case No. 2:21-cv-01421-BMG
Judge Brian M. Cogan, presiding

---

EASTERN DISTRICT OF NEW YORK

Donna Hodge, et al. v.
All American School Bus, et al.
Case No. 2:21-cv-001366-LDH-RDR
Judge LaShann DeArcy Hall, Presiding Magistrate Judge Ramon E. Reyes, Jr.

---

EASTERN DISTRICT OF NEW YORK

Albert E. Percy, et al. v.
Oriska Corp General Contracting
Case No. 1:20-cv-06131-NGG-CLP
Nicholas G. Garaufis, presiding Assigned to: Magistrate Judge Peggy Kuo
(Consent to Magistrate filed)

---

EASTERN DISTRICT OF NEW YORK

Bay Park Center for Nursing & Rehabilitation LLC et. al. v.
Philipson et. al.
Case No. 2:20-cv-06291-NGG-SJB
Nicholas G. Garaufis, presiding Sanket J. Bulsara

---

Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-01999-RPK-RLM
Oriska Corporation v. Hodge et al
Assigned to: Judge Rachel P. Kovner
Referred to: Magistrate Judge Roanne L. Mann

---

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02050-GRB-ARL
Oriska Corporation v. North Sea Associates, LLC-The Hamptons Center et al
Assigned to: Judge Gary R. Brown
Referred to: Magistrate Judge Arlene R. Lindsay

---

1

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02022-GRB-ARL
Oriska Corporation v. Park Avenue Operating Co. LLC et. al.
Assigned to: Judge Gary R. Brown
Referred to: Magistrate Judge Arlene R. Lindsay

--------------------------------------------------------------------------

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02024-PKC-SIL
Oriska Corporation v. Parkview Care & Rehabilitation Center et al
Assigned to: Judge Pamela K. Chen
Referred to: Magistrate Judge Steven I. Locke

--------------------------------------------------------------------------

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02025-JMA-ST
Oriska Corporation v. Pinegrove Manor II, LLC,-Grace Plaza et al
Assigned to: Judge Joan M. Azrack
Referred to: Magistrate Judge Steven Tiscione

--------------------------------------------------------------------------

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02010-GRB-ST
Oriska Corporation v. Garden Care Center, Inc. et. al.
Assigned to: Judge Gary R. Brown
Referred to: Magistrate Judge Steven Tiscione

--------------------------------------------------------------------------

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02029-JS-AKT
Oriska Corporation v. Townhouse Operating Co., LLC-Townhouse Center for Nursing et al
Assigned to: Judge Joanna Seybert
Referred to: Magistrate Judge A. Kathleen Tomlinson

--------------------------------------------------------------------------

Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02039-ARR-RML
Oriska Corporation v. West Lawrence Care Center, LLC et al
Assigned to: Judge Allyne R. Ross
Referred to: Magistrate Judge Robert M. Levy

--------------------------------------------------------------------------

Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02006-ENV-RML
Oriska Corporation v. Willoughby Rehabilitation and Health Care Center, LLC et al

Assigned to: Judge Eric N. Vitaliano
Referred to: Magistrate Judge Robert M. Levy

------------------------------------------------------------------------

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02030-WFK-AYS
Oriska Corporation v. Woodmere Rehabilitation and Health Care Center, Inc. et al
Assigned to: Judge William F. Kuntz, II
Referred to: Magistrate Judge Anne Y. Shields

------------------------------------------------------------------------

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02009-JMA-ST
Oriska Corporation v. Bayview Manor LLC, - South Point Plaza et. al.
Assigned to: Judge Joan M. Azrack
Referred to: Magistrate Judge Steven Tiscione

------------------------------------------------------------------------

Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02031-PKC-RLM
Oriska Corporation v. Brookhaven Rehabilitation and Health Care Center, LLC et al
Assigned to: Judge Pamela K. Chen
Referred to: Magistrate Judge Roanne L. Mann

------------------------------------------------------------------------

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02010-GRB-ST
Oriska Corporation v. Garden Care Center, Inc. et. al.
Assigned to: Judge Gary R. Brown
Referred to: Magistrate Judge Steven Tiscione

------------------------------------------------------------------------

Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02045-MKB-VMS
Oriska Corporation v. Golden Gate Rehabilitation and Health Care Center LLC et al
Assigned to: Chief Judge Margo K. Brodie
Referred to: Magistrate Judge Vera M. Scanlon

------------------------------------------------------------------------

Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02034-FB-RML
Oriska Corporation v. Little Neck Care Center, LLC et al
Assigned to: Judge Frederic Block
Referred to: Magistrate Judge Robert M. Levy

---
Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02021-JMA-ST
Oriska Corporation v. Nassau Operating Co, LLC et al
Assigned to: Judge Joan M. Azrack
Referred to: Magistrate Judge Steven Tiscione

---
Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02035-FB-RER
Oriska Corporation v. New Surfside Nursing Home, LLC-Caring Family Nursing & Rehab et al
Assigned to: Judge Frederic Block
Referred to: Magistrate Judge Ramon E. Reyes, Jr

---
Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02175-DG-RER
Albert E. Percy and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit, as Class Representatives et al v. Children's Law Ctr, et al
Assigned to: Judge Diane Gujarati
Referred to: Magistrate Judge Ramon E. Reyes, Jr

---
Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02182-ENV-RER
Albert E. Percy and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit, as Class Representatives v. D & D Metal Work Inc et al
Assigned to: Judge Eric N. Vitaliano
Referred to: Magistrate Judge Ramon E. Reyes, Jr

---
Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02194-KAM-PK
Albert E. Percy and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit, as Class Representatives v. F & E Maintenance Inc et al
Assigned to: Judge Kiyo A. Matsumoto
Referred to: Magistrate Judge Peggy Kuo


EDNY Case No. 1:21-cv-02198

Albert E. Percy and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit, as Class Representatives v. I Grace Co
Judge Rachel P. Kovner and Magistrate Judge James R. Cho

---
EDNY Case No. 1:21-cv-02311

Albert E. Percy and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit, as Class Representatives v. Manhattan Telecommunications Corporation
Judge Eric N. Vitaliano and Magistrate Judge Robert M. Levy

---
EDNY Case No. 1:21-cv-02283

Percy et al v. U & I Mechanical Corporation
Judge LaShann DeArcy Hall and Magistrate Judge Vera M. Scanlon

---
EDNY Case No. 1:21-cv-02313-WFK-RLM

Albert E. Percy and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit, as Class Representatives v. S & E Azrlliant P C
Assigned to Judge William F. Kuntz, II and Magistrate Judge Roanne L. Mann.

---
EDNY 1:21-cv-02314-ARR-VMS

Albert E. Percy and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit, as Class Representatives v. P & H Painting Inc
Assigned to: Judge Allyne R. Ross and Magistrate Judge Vera M. Scanlon

---
SOUTHERN DISTRICT OF NEW YORK

Case No. 1:21-cv-00762-LJL
Oriska Corporation v. Bay Park Center for Nursing and Rehabilitation
Assigned to: Judge Lewis J. Liman

---
NORTHERN DISTRICT OF NEW YORK

Case No. #1:21-cv-00104-MAD-DJS
Oriska Corporation v. Highgate LTC Management, LLC et al
Mae A. D'Agostino, presiding
Daniel J. Stewart, referral


NORTHERN DISTRICT OF NEW YORK

Case No. #1:21-cv-00109-MAD-DJS
Oriska Corporation v. Niskayuna Operating Co., LLC et al
Mae A. D'Agostino, presiding
Daniel J. Stewart, referral

---

NORTHERN DISTRICT OF NEW YORK

Case No. # 1:21-cv-00106-MAD-DJS,
Oriska Corporation v. Troy Operating Co., LLC (Diamond) et al.
Mae A. D'Agostino, presiding
Daniel J. Stewart, referral
---------------------------------------------------------------------------

## MOTION FOR THE TRANSFER OF RELATED ACTIONS IN THE EASTERN DISTRICT, NORTHERN DISTRICT and SOUTHERN DISTRICT OF NEW YORK FOR COORDINATED PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

1. James M Kernan respectfully submits this Motion pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings before a Judge assigned from the Eastern District of New York, and states the following:

2. I hereby certify pursuant to 28 USC §1746 that the following is true and correct under the penalty of perjury.

3. By this Motion relating to the 33 Cases pending in the Eastern, Southern, and Northern Districts of New York, related Cases will be consolidated under 1407 into 4 Cases in the Eastern District of New York ("EDNY"), 21-cv-01421, 21-cv-01366, and 20-cv-06291 and 20-cv-06131. The 33 Related Actions were filed in the Eastern District of New York, Northern District of New York and the Southern District of New York as is listed on the caption of this motion. The employee Class defendant has removed cases and has filed new Cases as listed on the attached Schedule.

4. This litigation consisting of the 33 class actions identified on this motion before the MDLP involve common questions of law and fact beginning with the application of an alternative employment practice as less discriminatory than the employment practices presently being utilized by the defendants in the actions (the "Alternative Employment Practice"). The Alternative Employment Practice is applied to all of the employer defendants who have failed to adopt it after due demonstration and

persuasion in accordance with the requirements of 42 U.S.C. 2000d and 2000e- 2. Out of that failure arise causes of action under the Employment Retirement Income Security Act ("ERISA") for benefits to the Class of employees and federal questions for denial of equal protection of the laws being litigated under 42 U.S.C. 1983.

5. This Motion requests that the 33 Cases be reduced to focus the pre-trial proceedings on 4 Cases:

EDNY Hodge v Cuomo 21-cv-01421,

EDNY Percy v Employer and Owners 21-cv-01366,

EDNY Removal from Nassau County filing in 20-cv-06291-NGG-CLP.

EDNY Percy v OCGC 20-cv-06131

The other 29 Cases are subsumed in the 4 Cases. Resolution of the issues raised in the 4 Cases involve the same parties and the same issues such that the resolution of the 4 Cases will resolve the issues in the other 29 remaining cases. This is qualified only in that certain cases involve different parties named as defendant class members in related cases to a EDNY Case 20-cv-06131 because the number of members of the Class Defendant were too numerous for upload into a single Case.

6. Personal jurisdiction over all of the defendants will be established by personal service of the Summons in each Case.

7. Federal subject matter jurisdiction exists in these Cases based on preemption under the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. § 1001 et seq. (1132(a)). This court has original jurisdiction over ERISA actions and subject matter jurisdiction to entertain this action under 28 U.S.C. §§ 1331 and 1345, 29 U.S.C. § 1132(e), 29 U.S.C. § 1001 et seq. and "prohibited transaction penalty proceedings" (as defined in §2570.2(o) under section 502(i) of the ERISA). To the extent

that any claim in the Cases are not preempted, they forms part of the same case or controversy under 28 U.S.C. § 1367(a). Federal question jurisdiction also exists in this case based upon the Occupational Security Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. § 651 et seq. Federal question jurisdiction also exists in this case based upon the Civil Rights Act of 1964 as amended in 1991, 42 U.S.C. § 2000 E-2 et seq.

8. Venue in the Eastern District is proper under 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims made herein occurred in and about the Eastern District of New York.

9. Once application of the Alternative Employment Practice is established and proven regarding all of the employer defendants warranting a mandatory order from the Court on the adoption of the Alternative Employment Practice, the Cases then separate into two categories:

Category 1:
　　EDNY Hodge v Cuomo 21-cv-01421
　　EDNY Percy v Employer and Owners 21-cv-01366
　　EDNY Removal filing in 20-cv-06291-NGG-CLP Nassau
　　EDNY NorthSea 21-cv-02050
　　EDNY Shore 21-cv-01999
　　EDNY Park Ave 21-cv-02022
　　EDNY Parkview 21-cv-02024
　　EDNY Pingrove 21-cv-02025
　　EDNY Garden 21-cv-02010
　　EDNY Townhouse 21-cv-02029
　　EDNY West Law 21-cv-02039
　　EDNY Willough 21-cv-02006
　　EDNY Woodmere 21-cv-02030
　　EDNY Avalon 2-21-cv-02040
　　EDNY Bayview 21-cv-02009
　　EDNY Brook 21-cv-02031
　　EDNY Golden 21-cv-02045
　　EDNY Little 21-cv-02034

    EDNY Nassau 21-cv-02021
    EDNY New Surf 21-cv-02035
    SDNY Removal filing in 21-cv-00762
    NDNY Removal filing 21-cv-00104 Highgate filing
    NDNY Removal filing in 21-cv-00109 Niskayuna filing
    NDNY Removal filing in 21-cv-00106 Troy filing

<u>Category 2</u>:
    EDNY Percy v OCGC 20-cv-06131
    EDNY 1-21-cv-02175-DG-RER
    EDNY 1-21-cv-02182-RPK-RER
    EDNY 1-21-cv-02194-KAM-PK
    EDNY 1-21-cv-02198-RPK-JRC
    EDNY 1-21-cv-02311-ENV-RML
    EDNY 1-21-cv-02283-LDH-VMS
    EDNY 1-21-cv-02313-WFK-RLM
    EDNY 1-21-cv-02314-ARR-VMS

10.    <u>Category 1</u> Cases will proceed on evidence that certain Employer Defendants have accrued and expensed the costs of employee benefits but have failed to provide the benefits to their employees, a class of employees suing to recover the benefit funds to trust, and seeking consequential damages resulting from injuries and illnesses casually related to failure of benefits under ERISA. In this category 24 Cases can be consolidated into 3 cases most recently filed in the EDNY federal court, Cases 21-cv-01421, 21-cv-01366, and 20-cv-06291 subsuming the other Cases in Category 1. These cases all involve using the Alternative Employment Practice as a ruse to divert the funds accrued for benefits, funds that were diverted, converted and embezzled away from their ERISA trust and purposes. The 3 cases EDNY 21-cv-01421, 21-cv-01366, and 20-cv-06291 will be tried in relation to each Employer Defendant, Owner Operator Defendant, Person-in-Interest Defendant, and State Officer Defendant, to determine compensatory damages arising out of breach of ERISA obligations and mandates. In Category 1 the list

of employer defendant and owner operator defendants can be reduced by mediation or with a master or judicial hearing Officer eliminating defendants who have no personal culpability to the funds diverted away from trust, dismissing and leaving only defendants who are liable to the Employee Class. The Employee Class is identifiable by payroll records of each Employer Defendant.

Category 2 Cases will proceed on evidence of the failure of these identified Employer Defendants to adopt the Alternative Employment Practice after due demonstration and persuasion. Category 2 Cases will prove the failure of the Employer Defendants to adopt the Alternative Employment Practice as less discriminatory employment practice, statistically showing that the identified Class of employer defendants' current employment practices are an illegal employment practice, proven by statistical evidence that the these employer defendants' current employment practices discriminate against persons based upon race, gender, national origin, or disability, warranting mandated adoption of the Alternative Employment Practice by these employer defendants, fulfilling the requirements of Presidential Executive Order 11246, and other federal budgetary enactments requiring equal employment opportunity ("EEO") and affirmative action with regard to the use of federal funds. Again, these cases begin with establishing the viability of the Alternative Employment Practice under 42 U.S.C. 2000 e--2. Then each Employer Defendant's individual circumstances would benefit by mediation by an appointed Master or Judicial Hearing Officer. Category 2 mediation by an appointed Master or Judicial Hearing Officer will cover 8,770 Class defendant employers where the employer defendants will be grouped by industry, and further grouped by whether the employer defendants receive federal funding, and further grouped by whether employer defendants' current employment practices have a disparate

impact based on [race, color, or creed] when compared to the Alternative Employment Practice. Category 2 will start grouping by Standard Industrial Code ("SIC").

11. In summary, the consolidation of the Cases into these 2 categories for pretrial proceedings:

Category 1 consolidates 24 cases into 3 Cases.

Category 2 consolidates 9 cases into 1 Case.

12. It is respectfully requested that the cases on the attached Schedule be treated as related.

13. WHEREFORE, the employee Class Defendant respectfully requests that completion of the pre-trial proceedings be in the Eastern District as the most appropriate forum addressing Cases 21-cv-01421, 21-cv-01366, and 20-cv-06291 as the lead cases, together with such other and additional relief as to the Court may seem just andproper.

Dated May 6, 2021

James M. Kernan, Esq.
KERNAN PROFESSIONAL GROUP, LLP

By: James M. Kernan
Attorney for the Class Defendants
Bar Roll No. JK1242
Office and Post Office Address
26 Broadway, 19th Floor
New York, New York 10004
Telephone: (212)986-3196
Facsimile: (212)656-1213
Email: jkernan@kernanllp.com