BEFORE THE

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

-------------------------------------------------------------------------

EASTERN DISTRICT OF NEW YORK
Donna Hodge, et al . v.
Andrew Cuomo, et al.
Case No. 2:21-cv-01421-BMG
Judge Brian M. Cogan, presiding

-------------------------------------------------------------------------

EASTERN DISTRICT OF NEW YORK

Donna Hodge, et al. v.
All American School Bus, et al.
Case No. 2:21-cv-001366-LDH-RDR
Judge LaShann DeArcy Hall, Presiding Magistrate Judge Ramon E. Reyes, Jr.

-------------------------------------------------------------------------

EASTERN DISTRICT OF NEW YORK

Albert E. Percy, et al. v.
Oriska Corp General Contracting
Case No. 1:20-cv-06131-NGG-CLP
Nicholas G. Garaufis, presiding Assigned to: Magistrate Judge Peggy Kuo
(Consent to Magistrate filed)

-------------------------------------------------------------------------

EASTERN DISTRICT OF NEW YORK

Bay Park Center for Nursing & Rehabilitation LLC et. al. v.
Philipson et. al.
Case No. 2:20-cv-06291-NGG-SJB
Nicholas G. Garaufis, presiding Sanket J. Bulsara

-------------------------------------------------------------------------

Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-01999-RPK-RLM
Oriska Corporation v. Hodge et al
Assigned to: Judge Rachel P. Kovner
Referred to: Magistrate Judge Roanne L. Mann

-------------------------------------------------------------------------

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02050-GRB-ARL
Oriska Corporation v. North Sea Associates, LLC-The Hamptons Center et al

Assigned to: Judge Gary R. Brown
Referred to: Magistrate Judge Arlene R. Lindsay

--------------------------------------------------------------------------

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02022-GRB-ARL
Oriska Corporation v. Park Avenue Operating Co. LLC et. al.
Assigned to: Judge Gary R. Brown
Referred to: Magistrate Judge Arlene R. Lindsay

--------------------------------------------------------------------------

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02024-PKC-SIL
Oriska Corporation v. Parkview Care & Rehabilitation Center et al
Assigned to: Judge Pamela K. Chen
Referred to: Magistrate Judge Steven I. Locke
--------------------------------------------------------------------------

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02025-JMA-ST
Oriska Corporation v. Pinegrove Manor II, LLC,-Grace Plaza et al
Assigned to: Judge Joan M. Azrack
Referred to: Magistrate Judge Steven Tiscione
--------------------------------------------------------------------------

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02010-GRB-ST
Oriska Corporation v. Garden Care Center, Inc. et. al.
Assigned to: Judge Gary R. Brown
Referred to: Magistrate Judge Steven Tiscione
--------------------------------------------------------------------------

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02029-JS-AKT
Oriska Corporation v. Townhouse Operating Co., LLC-Townhouse Center for Nursing et
al
Assigned to: Judge Joanna Seybert
Referred to: Magistrate Judge A. Kathleen Tomlinson
--------------------------------------------------------------------------

Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02039-ARR-RML

Oriska Corporation v. West Lawrence Care Center, LLC et al
Assigned to: Judge Allyne R. Ross
Referred to: Magistrate Judge Robert M. Levy

-------------------------------------------------------------------------

Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02006-ENV-RML
Oriska Corporation v. Willoughby Rehabilitation and Health Care Center, LLC et al
Assigned to: Judge Eric N. Vitaliano
Referred to: Magistrate Judge Robert M. Levy
-------------------------------------------------------------------------

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02030-WFK-AYS
Oriska Corporation v. Woodmere Rehabilitation and Health Care Center, Inc. et al
Assigned to: Judge William F. Kuntz, II
Referred to: Magistrate Judge Anne Y. Shields
-------------------------------------------------------------------------

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02009-JMA-ST
Oriska Corporation v. Bayview Manor LLC, - South Point Plaza et. al.
Assigned to: Judge Joan M. Azrack
Referred to: Magistrate Judge Steven Tiscione
-------------------------------------------------------------------------

Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02031-PKC-RLM
Oriska Corporation v. Brookhaven Rehabilitation and Health Care Center, LLC et al
Assigned to: Judge Pamela K. Chen
Referred to: Magistrate Judge Roanne L. Mann
-------------------------------------------------------------------------

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02010-GRB-ST
Oriska Corporation v. Garden Care Center, Inc. et. al.
Assigned to: Judge Gary R. Brown
Referred to: Magistrate Judge Steven Tiscione

-------------------------------------------------------------------------

Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02045-MKB-VMS

Oriska Corporation v. Golden Gate Rehabilitation and Health Care Center LLC et al
Assigned to: Chief Judge Margo K. Brodie
Referred to: Magistrate Judge Vera M. Scanlon

---------------------------------------------------------------------------

Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02034-FB-RML
Oriska Corporation v. Little Neck Care Center, LLC et al
Assigned to: Judge Frederic Block
Referred to: Magistrate Judge Robert M. Levy

---------------------------------------------------------------------------

Eastern District of New York (Central Islip)

CIVIL DOCKET FOR CASE #: 2:21-cv-02021-JMA-ST
Oriska Corporation v. Nassau Operating Co, LLC et al
Assigned to: Judge Joan M. Azrack
Referred to: Magistrate Judge Steven Tiscione

---------------------------------------------------------------------------

Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02035-FB-RER
Oriska Corporation v. New Surfside Nursing Home, LLC-Caring Family Nursing &
Rehab et al
Assigned to: Judge Frederic Block
Referred to: Magistrate Judge Ramon E. Reyes, Jr
---------------------------------------------------------------------------

Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02175-DG-RER
Albert E. Percy and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit, as
Class Representatives et al v. Children's Law Ctr, et al
Assigned to: Judge Diane Gujarati
Referred to: Magistrate Judge Ramon E. Reyes, Jr

---------------------------------------------------------------------------

Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02182-ENV-RER
Albert E. Percy and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit, as
Class Representatives v. D & D Metal Work Inc et al

Assigned to: Judge Eric N. Vitaliano
Referred to: Magistrate Judge Ramon E. Reyes, Jr
-------------------------------------------------------------------------

Eastern District of New York (Brooklyn)

CIVIL DOCKET FOR CASE #: 1:21-cv-02194-KAM-PK
Albert E. Percy and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit, as
Class Representatives v. F & E Maintenance Inc et al
Assigned to: Judge Kiyo A. Matsumoto
Referred to: Magistrate Judge Peggy Kuo


EDNY Case No. 1:21-cv-02198

Albert E. Percy and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit, as
Class Representatives v. I Grace Co
Judge Rachel P. Kovner and Magistrate Judge James R. Cho


-------------------------------------------------------------------------

EDNY Case No. 1:21-cv-02311

Albert E. Percy and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit, as
Class Representatives v. Manhattan Telecommunications Corporation
Judge Eric N. Vitaliano and Magistrate Judge Robert M. Levy


-------------------------------------------------------------------------

EDNY Case No. 1:21-cv-02283

Percy et al v. U & I Mechanical Corporation
Judge LaShann DeArcy Hall and Magistrate Judge Vera M. Scanlon
-------------------------------------------------------------------------

EDNY Case No. 1:21-cv-02313-WFK-RLM

Albert E. Percy and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit, as
Class Representatives v. S & E Azrlliant P C
Assigned to Judge William F. Kuntz, II and Magistrate Judge Roanne L. Mann.


-------------------------------------------------------------------------

EDNY 1:21-cv-02314-ARR-VMS

Albert E. Percy and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit, as
Class Representatives v. P & H Painting Inc
Assigned to: Judge Allyne R. Ross and Magistrate Judge Vera M. Scanlon
-------------------------------------------------------------------------

SOUTHERN DISTRICT OF NEW YORK

Case No. 1:21-cv-00762-LJL
Oriska Corporation v. Bay Park Center for Nursing and Rehabilitation
Assigned to: Judge Lewis J. Liman
-------------------------------------------------------------------------

NORTHERN DISTRICT OF NEW YORK

Case No. #1:21-cv-00104-MAD-DJS
Oriska Corporation  v. Highgate LTC Management, LLC et al
Mae A. D'Agostino, presiding
Daniel J. Stewart, referral
-------------------------------------------------------------------------

NORTHERN DISTRICT OF NEW YORK

Case No. #1:21-cv-00109-MAD-DJS
Oriska Corporation v. Niskayuna Operating Co., LLC et al
Mae A. D'Agostino, presiding
Daniel J. Stewart, referral
-------------------------------------------------------------------------

NORTHERN DISTRICT OF NEW YORK

Case No. # 1:21-cv-00106-MAD-DJS,
Oriska Corporation v. Troy Operating Co., LLC (Diamond) et al.
Mae A. D'Agostino, presiding
Daniel J. Stewart, referral
-------------------------------------------------------------------------

MEMORANDUM OF LAW

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. 7

STATEMENT OF FACTS ................................................................................................ 7

LEGAL CONTENTIONS .......................................................................................... 12

CONCLUSION ........................................................................................................ 16

## TABLE OF AUTHORITIES

Cases

In re "East of the Rockies" Concrete Pipe Antitrust Cases, 302 F. Supp. 244, 255-56

(J.P.M.L. 1969). ............................................................................................ 16

Statutes

28 U.S.C. § 1407(a)................................................................................................ 16

29 U.S.C. § 1001................................................................................................... 13

29 U.S.C. §1003 of ERISA ................................................................................... 13

42 U.S.C. § 2000e-2(k)(1) .................................................................................... 14

42 U.S.C. 1981 and 1985...................................................................................... 13

42 U.S.C. 1981, 1983, and 1985 .......................................................................... 14

42 U.S.C. 2000 e-2 ............................................................................................... 14

42 U.S.C. 2000e-2 ................................................................................................ 14

Rules

§1407's Standards for Coordination and Consolidation of Pretrial Proceedings ............ 16

## STATEMENT OF FACTS

This Motion relates to 33 Cases pending in the Eastern, Southern, and Northern Districts of New York as set forth on the accompanying Schedule. This Motion is to consolidate these 33 related Cases into 4 of the 33 Cases pending in the Eastern District of New York ("EDNY"), Cases 21-cv-01421, 21-cv-01366, and 20-cv-06291 and 20-cv-06131.

This litigation involving 33 class actions identified on this motion before the MDLP involve common questions of law and fact beginning with the application of an alternative employment practice as less discriminatory than the employment practices presently being utilized by the defendants in the actions (the "Alternative Employment Practice"). The Alternative Employment Practice is applied to all of the employer defendants who have failed to adopt it after due demonstration and persuasion in accordance with the requirements of 42 U.S.C. 2000d and 2000e- 2. Out of that failure arise causes of action under the Employment Retirement Income Security Act ("ERISA") for benefits to the Class of employees and federal questions for denial of equal protection of the laws being litigated under 42 U.S.C. 1983.

This Motion requests that the 33 Cases be reduced to focus for the pre-trial proceedings on these 4 Cases:

> EDNY Hodge v Cuomo 21-cv-01421,
>
> EDNY Percy v Employer and Owners 21-cv-01366,
>
> EDNY Removal from Nassau County filing in 20-cv-06291-NGG-CLP.
>
> EDNY Percy v OCGC 20-cv-06131

The other 29 Cases are subsumed in the 4 Cases. Resolution of the issues raised in the 4 Cases involve the same parties and the same issues such that the resolution of the 4 Cases will resolve the issues in the other 29 remaining cases. This is qualified only in that certain cases involve different parties named as defendant class members in related cases to EDNY Case 20-cv-06131 because the number of members of the Class Defendant were too numerous for upload into a single Case.

Personal jurisdiction over all of the defendants will be established by personal service of the Summons in each Case.

Federal subject matter jurisdiction exists in these Cases based on preemption under the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. § 1001 et seq. (1132(a)). This court has original jurisdiction over ERISA actions and subject matter jurisdiction to entertain this action under 28 U.S.C. §§ 1331 and 1345, 29 U.S.C. § 1132(e), 29 U.S.C. § 1001 et seq. and "prohibited transaction penalty proceedings" (as defined in §2570.2(o) under section 502(i) of the ERISA). To the extent that any claim in the Cases are not preempted, they forms part of the same case or controversy under 28 U.S.C. § 1367(a). Federal question jurisdiction also exists in this case based upon the Occupational Security Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. § 651 et seq. Federal question jurisdiction also exists in this case based upon the Civil Rights Act of 1964 as amended in 1991, 42 U.S.C. § 2000 E-2 et seq.

Venue in the Eastern District is proper under 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims made herein occurred in and about the Eastern District of New York and place of work of the majority of members of the employee Class rule as well reside in the Eastern District of New York.

Once application of the Alternative Employment Practice is established and proven regarding all of the employer defendants warranting a mandatory order from the Court on the adoption of the Alternative Employment Practice, the Cases then separate into two categories:

Category 1:
    EDNY Hodge v Cuomo 21-cv-01421
    EDNY Percy v Employer and Owners 21-cv-01366
    EDNY Removal filing in 20-cv-06291-NGG-CLP Nassau
    EDNY NorthSea 21-cv-02050
    EDNY Shore 21-cv-01999
    EDNY Park Ave 21-cv-02022

EDNY Parkview 21-cv-02024

EDNY Pingrove 21-cv-02025

EDNY Garden 21-cv-02010

EDNY Townhouse 21-cv-02029

EDNY West Law 21-cv-02039

EDNY Willough 21-cv-02006

EDNY Woodmere 21-cv-02030

EDNY Avalon 2-21-cv-02040

EDNY Bayview 21-cv-02009

EDNY Brook 21-cv-02031

EDNY Golden 21-cv-02045

EDNY Little 21-cv-02034

EDNY Nassau 21-cv-02021

EDNY New Surf 21-cv-02035

SDNY Removal filing in 21-cv-00762

NDNY Removal filing 21-cv-00104 Highgate filing

NDNY Removal filing in 21-cv-00109 Niskayuna filing

NDNY Removal filing in 21-cv-00106 Troy filing

Category 2:

EDNY Percy v OCGC 20-cv-06131

EDNY 1-21-cv-02175-DG-RER

EDNY 1-21-cv-02182-RPK-RER

EDNY 1-21-cv-02194-KAM-PK

EDNY 1-21-cv-02198-RPK-JRC

EDNY 1-21-cv-02311-ENV-RML

EDNY 1-21-cv-02283-LDH-VMS

EDNY 1-21-cv-02313-WFK-RLM

EDNY 1-21-cv-02314-ARR-VMS

Category 1 Cases will proceed on evidence that certain Employer Defendants have accrued and expensed the costs of employee benefits but have failed to provide the benefits to their employees, a class of employees suing to recover the benefit funds to trust, and seeking consequential damages resulting from injuries and illnesses casually related to failure of benefits under ERISA. In this category 24 Cases can be consolidated

into 3 cases most recently filed in the EDNY federal court, Cases 21-cv-01421, 21-cv-01366, and 20-cv-06291 subsuming the other Cases in Category 1. These cases all involve using the Alternative Employment Practice as a ruse to divert the funds accrued for benefits, funds that were diverted, converted and embezzled away from their ERISA trust and purposes. The 3 cases EDNY 21-cv-01421, 21-cv-01366, and 20-cv-06291 will be tried in relation to each Employer Defendant, Owner Operator Defendant, Person-in-Interest Defendant, and State Officer Defendant, to determine compensatory damages arising out of breach of ERISA obligations and mandates. In Category 1 the list of employer defendant and owner operator defendants can be reduced by mediation or with a master or judicial hearing Officer eliminating defendants who have no personal culpability to the funds diverted away from trust, dismissing and leaving only defendants who are liable to the Employee Class. The Employee Class is identifiable by payroll records of each Employer Defendant.

Category 2 Cases will proceed on evidence of the failure of these identified Employer Defendants to adopt the Alternative Employment Practice after due demonstration and persuasion. Category 2 Cases will prove the failure of the Employer Defendants to adopt the Alternative Employment Practice as less discriminatory employment practice, statistically showing that the identified Class of employer defendants' current employment practices are an illegal employment practice, proven by statistical evidence that the these employer defendants' current employment practices discriminate against persons based upon race, gender, national origin, or disability, warranting mandated adoption of the Alternative Employment Practice by these employer defendants, fulfilling the requirements of Presidential Executive Order 11246, and other federal budgetary enactments requiring equal employment opportunity

("EEO") and affirmative action with regard to the use of federal funds. Again, these cases begin with establishing the viability of the Alternative Employment Practice under 42 U.S.C. 2000 e--2. Then each Employer Defendant's individual circumstances would benefit by mediation by an appointed Master or Judicial Hearing Officer. Category 2 mediation by an appointed Master or Judicial Hearing Officer will cover 8,770 Class defendant employers where the employer defendants will be grouped by industry. Category 2 will start grouping by Standard Industrial Code ("SIC"), and further group by whether the employer defendants receive federal funding, and further group by whether employer defendants' current employment practices have a disparate impact based on race, color, creed, or national origin, when compared to the Alternative Employment Practice.

In summary, the consolidation of the Cases into these 2 categories for pretrial proceedings:

Category 1 consolidates 24 cases into 3 Cases.

Category 2 consolidates 9 cases into 1 Case.

It is respectfully requested that the cases on the attached Schedule be treated as related.

## LEGAL CONTENTIONS

The employee Class has sued for benefits that are the subject of this litigation, including, among other benefits as enumerated in 29 U.S.C. §1003 of ERISA, training and apprenticeship to acquire skills as a right and a fact of equal employment opportunity. The benefits were denied the employee Class under a plan ("Plan") sponsored and funded by Employer Defendants under a program (the "Program") approved for the Carrier Defendant Oriska Insurance Company as the Carrier's 1994 Program of 24 hour

protection for employees, established under 29 U.S.C. §1003 of ERISA as an "employee benefit plan". The funding never reached the Plan Trust.

The Plan was sponsored by identified Employer Defendants, as a welfare plan. The Employer Defendants' failure to provide benefits is the direct and proximate cause of the tragedy occurring in the Employer Defendants nursing home and healthcare facilities resulting from the failure of preparation in readiness to handle an enemy such as a pandemic, and is the direct proximate cause of the damage to the Class of employees, to patients in facilities, as well as exposing the general public; all traceable to the foreseeable liability caused by the diversion, conversion and embezzlement of Plan assets.

A motion was made by the plaintiff in intervention to intervene in an action pending in Nassau County Supreme Court Index 609877/2019 was granted by Order attached hereto as Exhibit "1". This Action was removed to EDNY Federal District Court Case 20-cv-06291-NGG-CLP, one of the 4 cases that will lead this consolidation. The employee Class seeks recovery pursuant to 28 U.S.C. §1441 as actions over which the Federal Court has jurisdiction under28 U.S.C §1331.  These cases raise a federal questions in that the Plaintiff in Intervention raises claims that are "completely preemted" by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.

Moreover, recovery is sought under 42 U.S.C. 1981 and 1985 for acts of the Employer Defendants, the Owner Operator Defendants and the Prohibited Transaction Defendants, in concert with New York State Officer Defendants under color of law in violation of 42 U.S.C. 1983. The 42 U.S.C. 1983 causes of action involve denial of equal protection and due process of law under the 1st, 5th and 14th Amendments to the United States Constitution for denial of equal protection and due process of laws, and for denial

of right of assembly, as well as violation of 42 U.S.C. 2000e-2 for refusal of the Employer Defendants to adopt and implement the Program as an Alternative Employment Practice.

Further, there is a related class action 20-cv-06131 pending in the Eastern District of New York regarding unlawful employment practice for failure to adopt a less discriminatory alternative method of employment practice ("Alternative Employment Practice").

The cases demonstrate an alternative employment practice, under subparagraph (C) referred to by subparagraph (A)(ii) of 42 U.S.C. § 2000e-2(k)(1). The denial of the Alternative Employment Practice by the Employer Defendants injures disadvantaged persons prompting an action under 42 U.S.C. 2000 e-2. The Employer Defendants are liable for illegal employment practices having failed to adopt the Alternative Employment Practice.

The State of New York is implicated in all of these cases, including the cases to be added to this Application by supplement, by the failure of Executive Order 45 ) 9 NYCRR 3.45), and complicity in the wrongful acts of the Employer Defendants, the Owner Operator Defendants, and the Prohibited Transaction Defendants, as a causes of action in favor of the Class for damages for violation of 42 U.S.C. 2000 e-2, 42 U.S.C. 1981, 1983, and 1985, under the 1st, 5th and 14th Amendments to the United States Constitution, for denial of equal protection and due process of laws, and for denial of right of assembly as recited in the Removed Action.

The violation of ERISA by failing to provide benefits, the failure to adopt the Alternative Employment Practice, the diversion, conversion and embezzlement of ERISA plan assets by prohibited transactions, is the direct and proximate cause of the tragedy that occurred and is occurring in the Employer Defendants' nursing home and Health

Care facilities resulting from the failure of preparation in readiness to handle an enemy such as a pandemic. The proximate cause of the damage to the Class as well as to patients and the general public can be traced to the foreseeable liability caused by the diversion, conversion and embezzlement of Plan assets.

Transfer of the cases identified in this Application to one forum is essential so that they may be coordinated or consolidated for pretrial proceedings. This is necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judges in the federal judicial districts in which the Related Actions have been filed. Coordination is appropriate both to maximize convenience and efficiency in discovery based on the common factual allegations, and also to avoid inconsistent rulings. Thus, transfer and coordination or consolidation will further the convenience of the parties and witnesses and promote efficiency and judicial economy.

The most appropriate forum for transfer and coordination or consolidation is the Eastern District of New York. Supporting transfer and coordination or consolidation in the Eastern District of New York are the following factors: (1) A large portion of the Class is in Queens, Kings and Nassau Counties and that the Class has been subjected to acts that have transpired in the Eastern District of New York, making it likely that evidence and witnesses relevant to the related actions will be located within the Eastern District of New York; (2) the Court in the Eastern District of New York has the requisite experience and is well-equipped to preside over this multidistrict litigation.

Central to the Panel's consideration of transfer are the goals of eliminating duplicative discovery, avoiding conflicting rulings and schedules, and minimizing burdens on the parties, witnesses, and courts. See Manual for Complex Litigation

(Fourth) § 20.131 (2004); In re "East of the Rockies" Concrete Pipe Antitrust Cases, 302 F. Supp. 244, 255-56 (J.P.M.L. 1969).

The Related Actions meet §1407's Standards for Coordination and Consolidation of Pretrial Proceedings.

The Multidistrict Litigation statute allows for coordination and consolidation of civil actions in difference federal district courts where they involve common questions of fact, where consolidation is convenient for the parties and witnesses, and when it will promote the just and efficient conduct of the consolidated actions. 28 U.S.C. § 1407(a). The cases currently pending should transferred for coordination and consolidation of pretrial proceedings. The Eastern District of New York is the most appropriate forum for such transfer.

Accordingly, the Related Actions should be coordinated or consolidated in the Eastern District of New York pursuant to 28 U.S.C. §1407, meeting the standards for consolidation under 28 U.S.C. §1407(a), with all cases having common questions of fact. 28 U.S.C. § 1407(a).. The Related Actions focus on the same alleged misconduct by Defendants. Common questions of fact of substantially overlapping factual allegations and legal issues merit transfer and coordination or consolidation.

## CONCLUSION

The employee Class Defendant respectfully requests that completion of the pre-trial proceedings be in the Eastern District as the most appropriate forum addressing Cases 21-cv-01421, 21-cv-01366, and 20-cv-06291 as the lead cases, together with such other and additional relief as to the Court may seem just and proper.

Respectfully submitted this 6th day of May, 2021.

James M. Kernan, Esq.

KERNAN PROFESSIONAL GROUP, LLP

By: s/James M. Kernan
Bar Roll No. JK1242
Office and Post Office Address
26 Broadway, 19th Floor
New York, New York 10004
Telephone: (212)986-3196
Facsimile: (212)656-1213
Email: jkernan@kernanllp.com

# EXHIBIT 1

# SUPREME COURT - STATE OF NEW YORK

PRESENT: HON. JACK L. LIBERT,
                                    Justice.

|  |  |
|---|---|
| Bay Park Center for Nursing & Rehabilitation LLC d/b/a Bay Park Center for Nursing & Rehabilitation LLC, Brookhaven Rehabilitation & Heath Care Center LLC d/b/a Brookhaven Rehabilitation & Health Care Center LLC, Caring Family Nursing & Rehabilitation Center d/b/a New Surfside Nursing Home LLC, Eastchester Rehabilitation & Health Care Center d/b/a Eastchester Rehabilitation & Health Care Center LLC, Golden Gate Rehabilitation & Health Care Center d/b/a Golden Gate Rehabilitation & Health Care Center LLC, Grace Plaza Nursing and Rehabilitation Center d/b/a Pinegrove Manor LLC, Nassau Rehabilitation & Nursing Center d/b/a Nassau Operating Company, LLC, Park Avenue Extended Care Facility d/b/a Park Avenue Operating Company, LLC, South Point Plaza Nursing and Rehabilitation Center d/b/a Bayview Manor LLC, Spring Creek Rehab & Nursing Care Center d/b/a Willoughby Rehabilitation & Health Care Center LLC, The Hamptons Center for Rehabilitation and Nursing d/b/a North Sea Associates, LLC, Throgs Neck Rehabilitation & Nursing Center d/b/a Throgs Neck Operating Company, LLC, and Townhouse Center for Rehabilitation and Nursing d/b/a Townhouse Operating Company, | TRIAL PART 20 NASSAU COUNTY<br><br>MOTION # 01<br>INDEX # 609877/2019<br>MOTION SUBMITTED:<br>AUGUST 18, 2020 |

                                    Plaintiffs,

         -against-

Bent Philipson, Avi Philipson and Deborah Philipson,

                                    Defendants.

The following papers having been read on this motion:

Notice of Motion/Order to Show Cause..........1
Cross Motion/Answering Affidavits................2
Memorandum of Law.......................................3

The instant motion to intervene relates to the issues alleged in 26 lawsuits from nine different

counties within the state. Plaintiffs in the instant action are defendants in many of the other actions and the proposed Intervenors are plaintiffs in those actions. These 26 actions are the subject of an application to the New York State Litigation Coordinating Panel (see, 22 NYCRR 202.69) for consolidation with the case at bar.

On November 25, 2019 (four months after the commencement of this action, the parties filed a proposed stipulation of discontinuance with prejudice (NYSCEF document 36). Plaintiffs assert (Fleischmann affirmation ¶¶2,3) that " there is no longer an active action in which the proposed intervenors (or anyone else) can attempt to intervene" (Citing *Suffolk Cnty. Water Auth. v. Hendrickson Bros., Inc.*, 2017 N.Y. Misc. LEXIS 2238, 2017 N.Y. Slip. Op. 31224[U] [Sup. Ct. Suffolk Co. June 5, 2017]). That assertion is incorrect.

CPLR §3217 (a) states that a party may discontinue an action without leave of the court, provided that the party does so "within twenty days after service of the pleading asserting the claim." CPLR §3217 (b) states, " Except as provided in subdivision (a), an action shall not be discontinued by a party asserting a claim except upon order of the court and upon terms and conditions, as the court deems proper."

CPLR §§1012 and 1013 respectively provide for intervention as a matter of right or as a matter of court discretion. Provisions dealing with intervention should be liberally construed (*Plantech Hous., Inc. v. Conlan*, 74 A.D.2d 920, 426 N.Y.S.2d 87 [2d Dep't 1980]). The proposed Intervenors submit that their equitable rights of subrogation under Worker's Compensation Law §29 entitle them to intervene as a matter of statute (*citing Teichman*, 87 N.Y.2d at 521). Plaintiffs do not rebut this claim of statutory right, rather they argue that the motion is moot due to the unapproved stipulation of discontinuance. For this reason alone intervention should be granted. Perhaps more important the inclusion of the proposed intervenors will result in identity of the parties in the instant action and the 26 other action. The issues will also be the same for the most part. The motion to intervene is granted.

By decision dated April 30, 2020 the Hon. Joseph J. Maltese, J.S.C. (Oneida County) as Presiding Justice of the Coordinating Panel with the signed consent of the other members of the panel ordered:

> ... that Oneida County shall be the situs for the coordination of all the causes of action listed in Appendix A [the 26 pending actions], and any other subsequently filed actions concerning the claims of Oriska Corporation and Employer-Defendants against Oriska Corporation; and

it is further...

ORDERED, that Clerks of the Supreme Courts for the counties where the original causes of action were filed as listed in Appendix A are directed to transmit the files in the listed actions that are pending in said counties to the Clerk of the Supreme Court, Oneida County who shall ensure that those files are uploaded into those coordinated cases under title "In Re Oriska Corporation," under a separately filed index number issued by the Oneida County Clerk; and it is further

ORDERED, that with respect to any additional similar actions against the same defendants that are filed in any county of this state, upon service of a copy of this Decision and Order of the Panel with notice of entry upon the Clerk of the Court in which any such additional similar action is or hereafter shall be pending (other than the Supreme Court of Oneida County), said Clerk shall forthwith transfer to the Supreme Court of Oneida County the file in any such additional action that is to join in the Coordination as provided in this Decision and Order in compliance with the Uniform Civil Rules § 202.69...

It is,

ORDERED, that the motion for leave to intervene is granted; and it is further

ORDERED, that receipt of submission of a copy of this order with notice of entry the Nassau County

Clerk shall to transmit the file in the instant action to the Clerk of the Supreme Court, Oneida County.

**E N T E R**

DATED: September 29, 2020

**ENTERED**

**Oct 07 2020**

NASSAU COUNTY
COUNTY CLERK'S OFFICE

HON. JACK L. LIBERT
J/S. C.