UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: New York Area Employee Retirement Income Security Act (ERISA) And Employment Practices Litigation (No. II) | MDL No. 3011 |

# NDNY DEFENDANTS' MEMORANDUM OF LAW
# IN RESPONSE TO MOTION FOR COORDINATION AND TRANSFER

CULLEN AND DYKMAN LLP
80 State Street, Suite 900
Albany, New York 12207
(518) 788-9440

*Of Counsel:*

Christopher E. Buckey, Esq.

*Counsel for the NDNY Defendants*

## PRELIMINARY STATEMENT

Defendants Cullen and Dykman LLP, Niskayuna Operating Co., LLC ("Niskayuna Operating"), Highgate LTC Management, LLC d/b/a Northwoods Rehabilitation & Extended Care-Hilltop d/b/a Northwoods Rehabilitation & Extended Care-Rosewood d/b/a Northwoods Rehabilitation & Extended Care-Troy ("Highgate LTC"), and Defendant Troy Operating Co. LLC-Diamond ("Troy Operating") (collectively, "NDNY Defendants") by and through their attorneys Cullen and Dykman LLP, respectfully respond to the motion seeking consolidation and transfer of thirty-three constituent actions pursuant to 28 U.S.C. 1407 dated May 6, 2021 in the above-captioned proceeding pending before the Judicial Panel on Multidistrict Litigation ("JPML").

## ARGUMENT

As a preliminary matter, the instant proceeding was rendered moot by the thorough and well-reasoned Memorandum and Order issued by Judge Nicholas G. Garaufis on May 27, 2021 that disposed of the twenty-nine constituent actions that had been filed in the Eastern District of New York ("EDNY"). *See Percy v Oriska General Contracting*, 2021 WL 2184895 (E.D.N.Y. May 21, 2021); *see also* Order Deeming Motion Moot, *In re: N.Y. Area ERISA & Emp't Practices Litig.*, MDL No. 2986 (J.P.M.L. Jan. 25, 2021), ECF No. 3 (determining that prior related JPML proceeding was moot based on remand of constituent action "depriving th[e] litigation of its multidistrict character").

Moreover, the four remaining constituent lawsuits, three of which are pending in the Northern District of New York ("NDNY")[1] and one of which is pending in the Southern District

---

[1] *See Oriska Corporation v Niskayuna Operating Co., LLC*, No. 1:21-cv-00109-MAD-DJS ("*Niskayuna Action*"); *Oriska Corporation v Troy Operating Co. LLC (Diamond)*, No. 1:21-cv-00106-MAD-DJS ("*Troy Action*"); *Oriska Corporation v Highgate LTC Management, LLC*, No. 1:21-cv-00104-MAD-DJS ("*Highgate Action*").

1

of New York ("SDNY"),[2] were initially filed in November 2019 are already subject to the same Order to Coordinate in Oneida County that was issued by the New York Litigation Coordinating Panel ("NYLCP") on April 30, 2020 ("State Coordination Order")[3] referenced throughout Judge Garaufis's decision. *See Percy,* 2021 WL 2184895 at *1-2, 7. Motions to remand those four remaining constituent lawsuits to Supreme Court, Oneida County are currently pending based, in substantial part, on the outcome of the State Coordination Order.[4]

However, to the extent the JPML deems this matter not to have been mooted by Judge Garaufis's decision, the NDNY Defendants defer to the JPML's determination as to whether a second consolidation and transfer of the four remaining constituent actions to the EDNY is appropriate. In the event the three NDNY actions are transferred to the EDNY, the NDNY Defendants expressly reserve the right to continue pursuing the motions to remand they have filed and preemptively take the position that any transfer would not impact those motions. *See In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976) ("Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer."); *see also In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.Supp.2d 1346 (J.P.M.L. 2001); *In re Ivy*, 901 F.2d 7 (2d Cir 1990).

Finally, the NDNY Defendants respectfully submit that the instant JPML proceeding is an unnecessary burden on judicial resources as well as the thousands of parties that have been named as defendants. Clearly, for substantially the same reasons set forth in Judge Garaufis's decision,

---

[2] *See Oriska Corporation v Bay Park Center for Nursing & Rehabilitation*, No. 1:21-cv-00762-LJL ("Bay Park Action").
[3] A copy of the State Coordination Order is attached hereto as **Exhibit A**.
[4] *See Niskayuna Action*, ECF No. 9; *Troy Action*, ECF No. 9; *Highgate Action*, ECF No. 8; *Bay Park Action*, ECF Nos. 4-6.

the proceeding should never have been commenced. Indeed, this is now the second multidistrict litigation body that counsel for the "Class Defendants" has sought to involve, with extensive briefing and oral argument already having taken place before the NYLCP between November 2019 and February 2020 on the appropriate venue for these lawsuits.[5]

Judge Garaufis's decision also explains in considerable detail the disciplinary history of the attorney who initiated this proceeding and concludes that the attorney's involvement in the EDNY constituent lawsuits violated the terms of his prior felony conviction as well as related orders of both the NDNY and the New York Department of Financial Services pertaining to the attorney's involvement in insurance-related matters. *See Percy,* 2021 WL 2184895 at *8. The attorney is, in fact, no longer admitted to the NDNY and SDNY where the remaining four constituent actions are currently pending. *See In re Kernan*, 783 Fed.Appx. 106 (N.D.N.Y. 2019); *see also* Transcript of Telephone Conference at 3:11-13, *Oriska Corp. v Zanani*, No. 21-cv-3174 (S.D.N.Y. Apr. 30, 2021), ECF No. 32-3 ("*Zanani* Tr.").

Worse still, counsel for the moving parties has now also been referred to the Grievance Committee for the SDNY and is required to show cause by June 21, 2021 before Judge Garaufis as to why he should not be referred to the Disciplinary Committee for the EDNY. *See Zanani* Tr. at 5:18-22, 22:4-7; *see also Percy,* 2021 WL 2184895 at *10; Order, *Bay Park Center for Nursing & Rehabilitation LLC Philipson*, 2:20-cv-06291-NGG-SJB (S.D.N.Y. June 10, 2021). Accordingly, the NDNY Defendants further reserve the right to file a formal motion for sanctions to recover their fees and costs pending the outcome of the JPML's determination on the underlying motion. *See Percy*, 2021 WL 2184895, at *8-10 (commenting that counsel's conduct "appears to

---

[5] The state court dockets relating to the NYLCP proceedings are the following: *Oriska Corp. v Bayview Manor LLC*, No. LCP0004/2019 (N.Y. Litig. Coordinating Panel); *Employer-Defendants v Oriska Corp.*, No. LCP0004/2019-A (N.Y. Litig. Coordinating Panel).

rise to the level of harassment" and awarding the moving defendants their attorneys' fees and costs incurred in connection with moving to remand the EDNY constituent lawsuits).

## CONCLUSION

For the foregoing reasons, the NDNY Defendants respectfully request that the JPML dismiss the instant proceeding as moot and otherwise do not take a position as to whether the underlying motion to consolidate and transfer should be granted as to the four remaining constituent actions. The NDNY Defendants further reserve their right to file a formal sanctions motion in connection with their attorneys' fees and costs incurred in connection with this proceeding.

Dated:  June 17, 2021
        Albany, New York

CULLEN AND DYKMAN LLP

By: */s/ Christopher E. Buckey*
Christopher E. Buckey, Esq.
80 State Street, Suite 900
Albany, New York 12207
(518) 788-9406
cbuckey@cullenllp.com

*Counsel for the NDNY Defendants*