# UNITED STATES JUDICIAL PANEL
### on
# MULTIDISTRICT LITIGATION

**IN RE: NEW YORK AREA EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) AND EMPLOYMENT PRACTICES LITIGATION (NO. II)**                    MDL No. 3011

## ORDER DENYING TRANSFER

**Before the Panel**:  Purported class defendants move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of New York.  This litigation currently consists of four actions pending in two districts, as listed on Schedule A.[1]  Responding defendants[2] oppose centralization.

On the basis of the papers filed,[3] we are not persuaded that centralization is necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this

---

[1]  The motion for centralization initially included 33 actions, but 29 actions pending in the Eastern District of New York (which were brought against over 8,700 defendants) were remanded to state court or dismissed during the pendency of the motion.  *See Percy v. Oriska Gen. Contracting*, No. 20-CV-6131 (NGG), 2021 WL 2184895 (E.D.N.Y. May 27, 2021) (remanding eighteen actions for lack of unanimous consent to removal among defendants and dismissing eleven actions under (1) the court's authority to manage its own docket (because of the seemingly baseless identification of thousands of defendants) and (2) under Rule 41(b) for Section 1407 movants' counsel James M. Kernan's failure to follow conditions of his prior criminal conviction that were placed on his ability to represent Oriska Insurance Co. in any capacity).  Given that no action was pending in movants' initial proposed transferee forum, the Eastern District of New York, movants in their reply requested a Southern District of New York transferee forum.

[2] Kingsbridge Heights Receiver, NMC Acquisition, LLC, White Plains for Nursing Care LLC, and Ira S. Lipsius; and Cullen and Dykman LLP, Niskayuna Operating Co., LLC, Highgate LTC Management, LLC d/b/a Northwoods Rehabilitation & Extended Care-Hilltop d/b/a Northwoods Rehabilitation & Extended Care-Rosewood d/b/a Northwoods Rehabilitation & Extended Care-Troy, and Troy Operating Co. LLC_Diamond.

[3]  On July 9, 2021, the Panel dispensed with oral argument under Panel Rule 11.1(c) because the facts and legal arguments in this matter were adequately presented and oral argument otherwise would not significantly aid the decisional process.  As a consequence, this matter was considered upon the basis of the parties' briefing.

- 2 -

litigation.  The actions contain common factual questions, inasmuch as all began as similar derivative actions brought in New York state court by Oriska Corp. to recover funds owed to its former subsidiary, Oriska Insurance Company, against nursing home or health care provider defendants.  These defendants allegedly underpaid various workers compensation and benefit trust funds by $60 million.

The factual overlap among the actions is not surprising, given the highly similar complaints in each case.  The Section 1407 motion seeks to centralize four actions removed from state court (where counsel for movants James M. Kernan already has filed dozens of cases), following a series of allegedly unauthorized amended complaints in intervention that added purported employee "class defendants" (a putative subclass of employees of defendant nursing homes who were injured and another that would have been eligible for apprenticeship training had the disputed funds not been misappropriated).  These purported class defendants then removed the actions and now seek centralization.  Also named as defendants in these sprawling complaints are owners and operators of the nursing homes, entities that engaged in alleged prohibited transactions, and certain New York state officials (the governor, state regulators and university officials) that plaintiffs argue are complicit in the alleged scheme and participants in the allegedly prohibited transactions.

We are not convinced that centralization will add any, much less any significant, efficiencies to this litigation.  We have long held that our "primary purpose is not to divine the motives and strategies of the various litigants …. Nevertheless, where a Section 1407 motion appears intended to further the interests of particular counsel more than those of the statute, we would certainly find less favor with it." *In re: CVS Caremark Corp. Wage and Hour Emp't. Pracs. Litig.*,  684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010).  The cases before us have multidistrict character as a consequence of what appears to be Mr. Kernan's blatant effort to avoid litigating some cases in the Northern District of New York, where he does not appear to be admitted to practice law.  While it is difficult to surmise what compelled Attorney Kernan to bring these cases, harassment of entities that once were insureds of Oriska Insurance Company seems to be at play.[4]

We need not reach the issue of precisely why these cases are now here before us.  This litigation involves only four actions pending in two districts before two judges in the same state. Where only a few actions are involved, the proponent of centralization bears a heavier burden to

---

[4]  Indeed, harassment of the courts and the general public also may be on Mr. Kernan's agenda, given that the 29 cases that Judge Nicholas G. Garaufis dismissed or remanded in late-May 2021 improperly named over 8,700 defendants.  *See Percy v. Oriska Gen. Contracting*, No. 20-CV-6131 (NGG), 2021 WL 2184895, at *8 (E.D.N.Y. May 27, 2021) ("The apparently baseless identification of defendants suggests that there is no genuine connection between the allegations in the complaints and the thousands of defendants identified in the case captions. Without a legitimate foundation for naming such an extensive list of defendants, Kernan's conduct appears to rise to the level of harassment against them, and at least one named defendant has contacted the court with concerns about being scammed.").

- 3 -

demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Movants have fallen far short of carrying that burden.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.[5]

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

---

[5] Defendants' request for sanctions is denied.

**IN RE: NEW YORK AREA EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) AND EMPLOYMENT PRACTICES LITIGATION (NO. II)**     MDL No. 3011

## SCHEDULE A

Northern District of New York

ORISKA CORPORATION v. HIGHGATE LTC MANAGEMENT, LLC, ET AL.,
    C.A. No. 1:21−00104
ORISKA CORPORATION v. TROY OPERATING CO. LLC (DIAMOND), ET AL.,
    C.A. No. 1:21−00106
ORISKA CORPORATION v. NISKAYUNA OPERATING CO., LLC, ET AL.,
    C.A. No. 1:21−00109

Southern District of New York

ORISKA CORPORATION v. BAY PARK CENTER FOR NURSING AND
    REHABILITATION, ET AL., C.A. No. 1:21−00762